# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:05CV115

| | |
|---|---|
| JERRY DRYE,                )<br>    Plaintiff,              )<br>                                      )<br>v.                                  )<br>                                      )<br>BANKERS LIFE AND CASUALTY  )<br>CO., et al.,                         )<br>    Defendants            )<br>_____)  | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on the "Plaintiff's Motion to Remand to State Court and Memorandum in Support Thereof" ("Motion to Remand") (Document No. 2), filed April 18, 2005 by Jerry Drye; "Defendant Bankers Life's Memorandum of Law in Opposition to Plaintiff's Motion to Remand" ("Opposition Motion") (Document No. 6), filed May 9, 2005 on behalf of Bankers Life and Casualty Company ("Bankers Life") and two of its managers, Hans Scheil and William Baylog; and "Plaintiff's Reply Memorandum in Support of Plaintiff's Motion to Remand" ("Reply Memorandum") (Document No. 7), filed May 12, 2005 by Mr. Drye.

Having carefully considered the parties' arguments, the record, and the applicable authority, the undersigned will <u>deny</u> the Plaintiff's Motion to Remand, but will <u>grant</u> the Plaintiff leave to file an amended complaint.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This is a North Carolina common law action seeking damages following Bankers Life's termination of Mr. Drye's employment. On September 1, 2004, Mr. Drye filed a Complaint in the General Court of Justice, Superior Court Division for the County of Mecklenburg, North Carolina and asserted five causes of action against Bankers Life: (i) wrongful termination in violation of North

Carolina public policy; (ii) unfair and deceptive trade practices; (iii) intentional infliction of emotional distress; (iv) negligent infliction of emotional distress; and (v) negligent supervision and retention. Mr. Drye also asserted the third and fourth claims - for intentional infliction of emotional distress and for negligent infliction of emotional distress - against Mr. Scheil and Mr. Baylog. Mr. Drye, Mr. Scheil and Mr. Baylog are all citizens of North Carolina. Bankers Life, however, is organized under Delaware law and maintains its principal place of business in Illinois. It does maintain offices in North Carolina.

On December 29, 2004, Bankers Life, Mr. Scheil and Mr. Baylog jointly moved in state court to dismiss the two claims against Mr. Scheil and Mr. Baylog and to dismiss three of the five claims against Bankers Life. This issue was fully briefed in state court. On February 16, 2005, the Honorable F. Donald Bridges held a hearing. At the end of the hearing, Judge Bridges orally ordered the dismissal of both claims against Mr. Scheil and Mr. Baylog and the dismissal of two of the three claims against Bankers Life. Judge Bridges also granted Mr. Drye leave until March 18, 2005 to amend the Complaint with respect to the causes of action for intentional infliction of emotional distress and negligent infliction of emotional distress against Mr. Scheil and Mr. Baylog and to add a new claim for tortious interference with contract against Bankers Life, Mr. Scheil and Mr. Baylog. On February 28, 2005, Judge Bridges entered a written order to that same effect.

On March 17, 2005 – concerned that the thirty-day removal period under federal law began on the day of Judge Bridges' <u>oral</u> order – Bankers Life filed a Notice of Removal pursuant to 28 U.S.C. § 1332. In the Notice of Removal, Bankers Life alleged the existence of diversity subject matter jurisdiction.

On March 18, 2005, Mr. Drye – unaware that the case had been removed to federal court – filed an amended complaint in state court (the "State Amended Complaint"). In the State Amended Complaint, Mr. Drye reasserted all five claims in the original Complaint – including the infliction of emotional distress claims against Mr. Scheil and Mr. Baylog – and added a sixth cause of action for tortious interference with contract against Bankers Life.

On April 18, 2005, Mr. Drye filed his Motion to Remand this case to state court. In that motion and his subsequently filed Reply Memorandum, Mr. Drye asks that the case be remanded or – in the alternative – that the court grant him leave to file an amended complaint.

The Motion to Remand has been fully briefed and is ripe for disposition.

## II. DISCUSSION

### A. Motion to Remand

28 U.S.C. § 1441(a) provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

Under 28 U.S.C. § 1441(a), the existence of subject matter jurisdiction is a threshold issue. Chris v. Tenet, 221 F.3d 648, 655 (4th Cir. 2000) (citation omitted) ("[T]he subject matter jurisdiction of federal courts is limited and the federal courts may exercise only that jurisdiction which Congress has prescribed."); Darcangelo v. Verizon Comm., Inc., 292 F.3d 181, 186 (4th Cir. 2002) ("In general, an action filed in state court may be removed to federal court only if it might have been brought in federal court originally"). The party seeking federal jurisdiction – here,

Bankers Life – has the burden of proving that subject matter jurisdiction exists. See Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999); Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991); Norfolk Southern Ry. Co. v. Energy Development Corp., 312 F. Supp.2d 833, 835 (S.D. W.Va. 2004). Absent a proper basis for subject matter jurisdiction, a removed case must be remanded to state court. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 96 (1998); Jones v. American Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999); Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999).

Here there is no question that federal question jurisdiction does not exist. Thus, diversity jurisdiction must exist in order for the action to remain in federal court. A case falls within a federal court's diversity jurisdiction only if diversity of citizenship among the parties is complete - that is, only if no plaintiff and defendant are citizens of the same State - and the amount in controversy exceeds $75,000. See, e.g., 28 U.S.C. § 1332 (2000); Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 388 (1998); Carden v. Arkoma Associates, 494 U.S. 185, 187 (1990); Strawbridge v. Curtiss, 3 Cranch 267 (1806). The requirements are so absolute that "[n]o party need assert [a lack of complete diversity or the requisite amount in controversy]. No party can waive the defect, or consent to jurisdiction. No court can ignore the defect; rather a court, noticing the defect, must raise the matter on its own." Schnacht, 524 U.S. at 389 (internal citations omitted); see also Insurance Corp. of Ireland v. Compagnie des Bauzites de Guinee, 456 U.S. 694, 702 (1982).

When the state court dismissed the claims against Mr. Sheil and Mr. Baylog, complete diversity between Mr. Drye – who has a North Carolina domicile – and Bankers Life – with domiciles in Delaware and Illinois – was created. At that point, Bankers Life was able to "ascertain

4

that the case [had] become removable. . . ." and thus could properly file a Notice of Removal at any time within thirty days. 28 U.S.C. § 1446(b).

It is irrelevant to this analysis that Mr. Drye was given leave to amend his Complaint to reformulate his claims against Mr. Sheil and Mr. Baylog. The State Amended Complaint - which was filed in state court on March 18, 2005 and was included as Exhibit A to the Motion to Remand – is not properly before this Court and, as such, cannot be considered in deciding the Motion to Remand. See Coughlin v. Nationwide Mut. Ins. Co., 776 F. Supp. 626, 628 (D. Mass. 1991) (ignoring complaint filed by the plaintiffs in state court after removal, reasoning that "once removal is effected, the state's court jurisdiction over the case ceases" and "amended complaints filed in state court have no effect in cases previously removed to federal court."). Further, Bankers Life could not wait to file its Notice of Removal until after Mr. Drye had filed an amended complaint in state court without risking the expiration of the thirty-day removal period.

In short, it is apparent that – at the time of the timely and properly filed Notice of Removal – complete diversity between the parties existed and more than $75,000 was at issue. Accordingly, removal was proper and Mr. Drye's Motion to Remand is denied. The denial of the Motion to Remand is without prejudice to Mr. Drye's right to renew that motion in the future under appropriate circumstances.

**B. Motion to Amend**

Pursuant to Fed. R. Civ. P. 15(a), "a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. . . . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Although whether to grant a motion to amend is within the

district court's discretion, the Supreme Court has held that courts must grant leave to amend absent a substantial reason to deny leave. Foman v. Davis, 371 U.S. 178, 182 (1962). The Fourth Circuit has stated that "under Rule 15(a) leave to amend shall be given freely, absent bad faith, undue prejudice to the opposing party, or futility of amendment." U.S. v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000); See also Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999).

Particularly where the state court that considered Mr. Drye's potential state law claims concluded that Mr. Drye was entitled to file an amended pleading, the undersigned concludes that the interests of justice require granting Mr. Drye leave to amend the Complaint. If, in an amended complaint, Mr. Drye chooses to assert claims against non-diverse defendants, the Court will again consider, on appropriate motion, the propriety of remand.

### III. ORDER

**IT IS, THEREFORE, ORDERED THAT**

1. The "Plaintiff's Motion to Remand to State Court and Memorandum in Support Thereof" (Document No. 2) is **DENIED**.

2. The Plaintiff's request for leave to file an Amended Complaint contained within the "Plaintiff's Reply Memorandum in Support of Plaintiff's Motion to Remand" is **GRANTED**. The Plaintiff has twenty (20) days from the date of entry of this Order to file an Amended Complaint with this court.

**Signed: July 11, 2005**

David C. Keesler
United States Magistrate Judge