# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL NO. 3:05CV115

| | |
|---|---|
| JERRY DRYE, )<br>      Plaintiff, )<br>)<br>v. )<br>)<br>BANKERS LIFE AND CASUALTY )<br>CO., et al., )<br>      Defendants. )<br>_____) | **ORDER OF REMAND** |

**THIS MATTER IS BEFORE THE COURT** on pending motions including the "Defendants' Joint Motion to Dismiss the Third, Fourth and Sixth Causes of Action of the First Amended Complaint" ("Motion to Dismiss") (Document No. 10), filed on August 15, 2005, and the "Plaintiff's Second Motion to Remand to State Court and Memorandum in Support Thereof" ("Second Motion to Remand") (Document No. 13), filed on August 29, 2005, by Jerry Drye. The parties have consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c), and fully briefed both motions.

The pending motions gave cause to the Court to review the case file in its entirety. The Court, *sua sponte*, revisited whether its original exercise of federal jurisdiction was proper. Upon review, the Court became aware that its first substantive order (Document No. 8) entered on July 11, 2005, denying the "Plaintiff's Motion to Remand to State Court and Memorandum in Support Thereof" ("First Motion to Remand") (Document No. 2), and granting Mr. Drye leave to file an amended complaint, was in error. For the reasons that follow, the Court finds that Bankers Life & Casualty Company's removal to this Court was improper, and that there is no basis for exercising federal jurisdiction in this case. Therefore, the Court will set aside its Order of July 11, 2005

(Document No. 8), grant the Plaintiff's First Motion to Remand (Document No. 2), and deny all remaining motions (Document Nos. 10 and 13) as moot.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This is a North Carolina common law action seeking damages following Bankers Life's termination of Mr. Drye's employment. On September 1, 2004, Mr. Drye filed a Complaint in the General Court of Justice, Superior Court Division for the County of Mecklenburg, North Carolina and asserted five causes of action against Bankers Life: (i) wrongful termination in violation of North Carolina public policy; (ii) unfair and deceptive trade practices; (iii) intentional infliction of emotional distress; (iv) negligent infliction of emotional distress; and (v) negligent supervision and retention. Mr. Drye also asserted the third and fourth claims - for intentional infliction of emotional distress and for negligent infliction of emotional distress - against Mr. Scheil and Mr. Baylog. Mr. Drye, Mr. Scheil and Mr. Baylog are all citizens of North Carolina. Bankers Life, however, is organized under Delaware law and maintains its principal place of business in Illinois. It does maintain offices in North Carolina.

On December 29, 2004, Bankers Life, Mr. Scheil, and Mr. Baylog jointly moved in state court to dismiss the two claims against Mr. Scheil and Mr. Baylog and to dismiss three of the five claims against Bankers Life. Mr. Drye contested these motions, and the issues were fully briefed in state court. On February 16, 2005, the Honorable F. Donald Bridges held a contested hearing. At the end of the hearing, Judge Bridges orally ordered the dismissal of both claims against Mr. Scheil and Mr. Baylog and the dismissal of two of the three claims against Bankers Life. Judge Bridges also granted Mr. Drye leave until March 18, 2005, to amend the Complaint with respect to the causes of action for intentional infliction of emotional distress and negligent infliction of emotional distress

and to add a new claim for tortious interference with contract. On February 28, 2005, Judge Bridges entered a written order pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure, granting the Defendants' motions to dismiss Mr. Drye's claims for the intentional and negligent infliction of emotional distress against all three Defendants, and denying Bankers Life's motion to dismiss Mr. Drye's claim for unfair and deceptive trade practices. Judge Bridges also granted Mr. Drye leave until March 18, 2005, to amend his complaint to allege the same claims and to add a claim for tortious interference with contract.

On March 17, 2005 – concerned that the thirty-day removal period under federal law began on the day of Judge Bridges' oral order – Bankers Life filed a Notice of Removal pursuant to 28 U.S.C. § 1446 (b). In the Notice of Removal, Bankers Life alleged the existence of diversity subject matter jurisdiction.

On March 18, 2005, Mr. Drye – unaware that the case had been removed to federal court – filed an amended complaint in state court (the "State Amended Complaint"). In the State Amended Complaint, Mr. Drye realleged all five claims in the original Complaint – including the infliction of emotional distress claims against Mr. Scheil and Mr. Baylog – but added several substantial factual allegations to support them. Mr. Drye also added a sixth cause of action for tortious interference with contract against Mr. Scheil and Mr. Baylog.

Mr. Drye filed his First Motion to Remand on April 18, 2005. In that motion and his subsequently filed Reply Memorandum, he argued that the Defendants removed the case from state court prematurely because the time frame set forth in Judge Bridge's order for amendment of the complaint was still running, and that remand was proper because he had filed the State Amended Complaint timely. In the alternative, he asked for leave to file an amended complaint in this Court.

3

This Court entered an Order on July 11, 2005, denying Mr. Drye's First Motion to Remand on the basis that complete diversity had been created when the state court dismissed the claims against Mr. Sheil and Mr. Baylog. The Order further provided Mr. Drye with leave to amend his complaint. Mr. Drye filed a "First Amended Complaint" ("Federal Amended Complaint") (Document No. 9), in this Court on August 1, 2005, which set forth all six claims in his State Amended Complaint – including the infliction of emotional distress claims against Mr. Scheil and Mr. Baylog. Mr. Drye then filed his Second Motion to Remand and the Defendants filed a Joint Motion to Dismiss.

Having reviewed the case in its entirety to rule on these pending motions, the Court re-evaluated its original exercise of jurisdiction and discovered an oversight. While not briefed by either party in relation to Mr. Drye's First Motion to Remand, the Court now finds that the *involuntary* dismissal of Mr. Sheil and Mr. Baylog in state court rendered Bankers Life's removal improper. Thus, there being no basis for the exercise of subject matter jurisdiction, the Court finds it necessary to set aside its Order entered on July 11, 2005, and grant Mr. Drye's First Motion to Remand.

## II. DISCUSSION

### A. Motion to Remand

28 U.S.C. § 1441(a) provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

Under 28 U.S.C. § 1441(a), the existence of subject matter jurisdiction is a threshold issue. Chris v. Tenet, 221 F.3d 648, 655 (4th Cir. 2000) (citation omitted) ("[T]he subject matter jurisdiction of federal courts is limited and the federal courts may exercise only that jurisdiction which Congress has prescribed."); Darcangelo v. Verizon Comm., Inc., 292 F.3d 181, 186 (4th Cir. 2002) ("In general, an action filed in state court may be removed to federal court only if it might have been brought in federal court originally"). The party seeking federal jurisdiction – here, Bankers Life – has the burden of proving that subject matter jurisdiction exists. See Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999); Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991); Norfolk Southern Ry. Co. v. Energy Development Corp., 312 F. Supp.2d 833, 835 (S.D. W.Va. 2004). Absent a proper basis for subject matter jurisdiction, a removed case must be remanded to state court. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 96 (1998); Jones v. American Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999); Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999).

Here there is no question that federal question jurisdiction does not exist. Thus, diversity jurisdiction must exist in order for the action to remain in federal court. A case falls within a federal court's diversity jurisdiction only if diversity of citizenship among the parties is complete - that is, only if no plaintiff and defendant are citizens of the same State - and the amount in controversy exceeds $75,000. See, e.g., 28 U.S.C. § 1332 (2000); Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 388 (1998); Carden v. Arkoma Associates, 494 U.S. 185, 187 (1990); Strawbridge v. Curtiss, 3 Cranch 267 (1806). The requirements are so absolute that "[n]o party need assert [a lack of complete diversity or the requisite amount in controversy]. No party can waive the defect, or consent to jurisdiction. No court can ignore the defect; rather a court, noticing the defect, must raise

the matter on its own." Schnacht, 524 U.S. at 389 (internal citations omitted); see also Insurance Corp. of Ireland v. Compagnie des Bauzites de Guinee, 456 U.S. 694, 702 (1982).

When the state court dismissed the claims against Mr. Sheil and Mr. Baylog, only Mr. Drye's claims against Bankers Life remained. Thus, complete diversity existed at the time because it is undisputed that Mr. Drye is domiciled in North Carolina and Bankers Life is domiciled in Delaware and Illinois. Bankers Life removed the state court action to federal court pursuant to 28 U.S.C. § 1446(b), even though the time period granted to Mr. Drye by the state court to amend his complaint had not yet expired. According to Bankers Life, subject matter jurisdiction existed because the state court's dismissal of the non-diverse parties created complete diversity among the remaining parties, and the amount in controversy exceeds $75,000. In its "Memorandum of Law in Opposition to Plaintiff's Motion to Remand" (Document No. 6), Bankers Life argues that removal is proper because Judge Bridges' order dismissing the claims against the non-diverse Defendants was "precisely the type of order" contemplated by 28 U.S.C. § 1446(b), which states,

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b). Bankers Life is incorrect.

"Diversity must be established at the time of removal. Even so, a case may nevertheless not be removable depending on whether the non-diverse party is eliminated from the state action by voluntary or involuntary dismissal." Higgins v. E.I. DuPont de Nemours & Company, 863 F.2d 1162, 1166 (4th Cir. 1988). The Court finds that Bankers Life's removal was improper under the judicially created "voluntary/involuntary rule." Over a century ago, the Supreme Court held that

6

actions involving non-diverse parties did not become removable just because a non-diverse defendant had been dismissed from the case. Lathrop, Shea & Henwood Company v. Interior Construction & Improvement Company, 215 U.S. 246, 251 (1909); American Car & Foundry Company v. Kettelhake, 236 U.S. 311, 315-17 (1915); Southern Railway Company v. W.L. Lloyd, 239 U.S. 496, 500 (1916). Instead, the Supreme Court held that removal was proper only if the plaintiff dismissed the non-diverse defendant voluntarily. Powers v. Chesapeake & Ohio Railway Company, 169 U.S. 92, 101 (1898). In other words, where a non-diverse defendant is dismissed from a state law action without the plaintiff's consent, the case is not removable under 28 U.S.C. § 1446(b). There has been some debate about whether the rule survived amendment to 28 U.S.C. § 1446(b); however, the trend appears to retain the distinction between voluntary and involuntary dismissals as they relate to the propriety of removal. See Higgins, 863 F.2d at 1166; Poulos, 959 F.2d at 72; Cox-Stewart v. Best Buy Stores, L.P., 295 F.Supp.2d 566, 568 (D.Md. 2003).

The "voluntary/involuntary rule" embraces two distinct principles– judicial economy and deference to a plaintiff's choice of forum. Poulos, 959 F.2d at 72. Allowing removal in cases where the plaintiff voluntarily dismisses a non-diverse defendant in the state court action promotes judicial economy because there is little risk that diversity will be later destroyed. Higgins, 863 F.2d at 1166. This is because the plaintiff has demonstrated his intention to refrain from pursuing a claim against the non-diverse defendant. Id. at 1166. However, where a non-diverse defendant is dismissed by the court without the plaintiff's consent, the plaintiff may choose to appeal the dismissal which may ultimately destroy diversity jurisdiction in federal court. Higgins, 863 F.2d at 1166; Poulos, 959 F.2d at 72. Thus, the principle of judicial economy is served by the rule by preventing the "yo-yo effect" caused by removing a case that may be only temporarily removable. Poulos, 959 F.2d at 72.

7

Application of the rule also demonstrates deference to the plaintiff's choice of forum. The state court dismissed Mr. Drye's claims against the non-diverse defendants on the Defendants' joint motion to dismiss, which was opposed by Mr. Drye. However, the state court granted Mr. Drye leave to amend his claims against these same Defendants so that he could attempt to restate claims upon which relief could be granted, and to allege a new claim against the non-diverse parties. Mr. Drye intended, in good faith, to pursue state law claims in state court against all of the Defendants from the start of the litigation, and filed an amended complaint in state court within the time allowed by the state court's order. Moreover, it appears to this Court that the individual non-diverse parties dismissed by the state court were not alleged to be tangentially involved; rather, they are alleged to be lead actors in the conduct complained of by Mr. Drye. In other words, it does not appear that Mr. Drye pursued claims against Mr. Sheil and Mr. Baylog merely to avoid federal jurisdiction.

In short, the state court's order involuntarily dismissing the intentional and negligent infliction of emotional distress claims against Mr. Sheil and Mr. Baylog did not take these parties "out of the case, so as to leave a controversy wholly between the plaintiff and the nonresident defendant." American Car & Foundry Company v. Kettelhake, 236 U.S. 311, 316 (1915). This is most obviously established by the fact that the state court gave Mr. Drye leave to amend his complaint, and the fact that Mr. Drye filed an amended complaint in state court within the time frame allowed. As a result, the Court finds that the "voluntary/involuntary rule" rendered Bankers Life's removal to federal court improper, and that the case should be remanded to the General Court of Justice, Superior Court Division for the County of Mecklenburg, North Carolina.

### III. ORDER

**IT IS, THEREFORE, ORDERED THAT**

1. The Court's Order (Document No. 8) entered on July 11, 2005, is **SET ASIDE** in its entirety.

2. The "Plaintiff's Motion to Remand to State Court and Memorandum in Support Thereof" (Document No. 2) is **GRANTED.**

3. The "Defendants' Joint Motion to Dismiss the Third, Fourth and Sixth Causes of Action of the First Amended Complaint" (Document No. 10-1) is **DENIED** as **MOOT**.

4. The "Plaintiff's Second Motion to Remand to State Court and Memorandum in Support Thereof" (Document No. 13) is **DENIED** as **MOOT**.

5. Pursuant to 28 U.S.C. § 1447(c), the Court directs the clerk to mail a certified copy of this Order of Remand to the clerk of the State court and the parties, whereupon the state court may proceed with the case.

Signed: March 29, 2006

David C. Keesler
United States Magistrate Judge