IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05CV115-MU

| | | |
|---|---|---|
| JERRY DRYE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| BANKERS LIFE AND CASUALTY CO., et al., | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court upon "Defendants' Objections to the Magistrate Judge's Order of Remand," filed April 13, 2006.

This case has a somewhat unusual procedural history. This employment action was originally filed in Mecklenburg County Superior Court, and alleged several North Carolina common law claims against Bankers Life, Plaintiff's former employer, and two individuals. While Bankers Life is a Delaware corporation with its principal place of business in Illinois, both the Plaintiff and the two individual Defendants are North Carolina citizens. Upon the Defendants' motion, the claims against the two individual Defendants were dismissed in state court pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure on February 28, 2005. The judge, however, allowed the Plaintiff leave to amend his Complaint to reassert those claims and to further add a claim for tortious interference with contract against the two individual defendants. Before Plaintiff could amend his Complaint, however, Bankers Life filed a Notice of Removal, alleging the existence of diversity jurisdiction. Unaware that the matter had been

1

removed, the Plaintiff filed an Amended Complaint in state court, realleging his claims against the individual Defendants, but adding substantial factual allegations in support of them. He also added a tortious interference claim against the two individual Defendants.

In federal court, this case was originally assigned to United States Magistrate Judge David Keesler. The Plaintiff filed a Motion to Remand on April 18, 2005, which Judge Keesler denied. The Plaintiff subsequently amended his Complaint on August 1, 2005, setting forth all the claims in his State Amended Complaint. He then filed a Second Motion to Remand and the Defendants filed a Joint Motion to Dismiss.

On September 26, 2005, the Clerks' Office sent the parties a Notice of Violation of Local Rule 73.1(A), which requires that the parties file a Consent to Proceed Before a United States Magistrate Judge form with each party's first pleading filed in the removed action. The Notice stated that "Counsel are advised to proceed to immediately file their consent/refusal form with the Clerk." Plaintiff immediately thereafter filed his Consent form to proceed before a United States Magistrate Judge. Defendants failed to respond in any way to the Clerk's Notice.

On March 29, 2006, the magistrate entered an Order ruling on the Plaintiff's Second Motion to Remand. In so doing, the magistrate judge revisited his earlier Order denying Plaintiff's first Motion to Remand, concluding that the first Order was in error, and that there was no basis for exercising federal jurisdiction in this case. The magistrate judge then set aside his Order of July 11, 2005, and granted the Plaintiff's First Motion to Remand.

Only after this Order was entered did the Defendants complain that they had never consented to magistrate jurisdiction. They then filed their "Objections to the Magistrate Judge's Order of Remand" and this case was reassigned to the undersigned.

The Magistrate's Act, 28 U.S.C. § 636(b)(1)(A), provides that a magistrate judge has the authority to consider and issue a final order as to any non-dispositive pretrial motion. The rule in this District as well as in many others is that a motion to remand is "non-dispositive" and can therefore be determined by a magistrate judge as a final order pursuant to 28 U.S.C. § 636(b)(1)(A). See, Wachovia Bank v. Deutsche Bank Trust Co. Americas, 397 F.Supp.2d 698, 700 (W.D.N.C. 2005); Wyatt v. Walt Disney World, Co., No. 5:97CV116-V, 1999 WL 33117255, at *4 (W.D.N.C. July 26, 1999). The remand order does not dispose of the claims or defenses of any party, but merely determines which forum has jurisdiction of the case. It does not resolve the substantive rights and obligations of the parties. Wyatt, 1999 WL 33117255, at *4. Since the remand order is non-dispositive, it is subject only to a "clearly erroneous or contrary to law" review by the district court. Id.

After reviewing the magistrate's Order of Remand, the court finds that it is not clearly erroneous or contrary to law.

IT IS THEREFORE ORDERED that the Order of Remand entered March 29, 2006 is hereby AFFIRMED and this case is ordered remanded to Mecklenburg County Superior Court.

Signed: July 23, 2006

Graham C. Mullen
United States District Judge